1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA, *ex rel.*          No.  2:20-cv-01826-DAD-JDP
      BRYAN QUESENBERRY,
12
                  Plaintiffs,
13                                                 ORDER GRANTING PLAINTIFFS'
           v.                                      REQUESTS TO SERVE DEFENDANTS BY
14                                                 PUBLICATION
      BUENA VISTA CONSTRUCTION
15    GROUP, INC., et al.,                         (Doc. Nos. 48, 50)

16                Defendants.

17

18          This matter is before the court on plaintiff-relator Bryan Quesenberry's motion to serve

19    defendant Fresno Transport, Inc. ("Fresno Transport") by publication, as well as plaintiff-

20    intervenor United States of America's request to serve defendants Fresno Transport and Ramanjot

21    Randhawa ("Randhawa") (collectively, "defendants") by publication.  (Doc. Nos. 48, 50.)  For

22    the reasons explained below, the requests to serve by publication submitted by plaintiff-relator

23    and plaintiff-intervenor (collectively, "plaintiffs") will be granted.

24                                        **BACKGROUND**

25          On September 10, 2020, plaintiff-relator filed a complaint under seal against multiple

26    defendants, including defendant Fresno Transport, Inc. ("Fresno Transport"), for *qui tam* causes

27    of action brought under the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* for

28    allegedly fraudulently obtaining loans under the Payroll Protection Program ("PPP").  (Doc. No

                                                   1

1.)  On May 18, 2023, plaintiff-intervenor filed a notice of partial intervention, partial declination, and partial consent to dismissal.  (Doc. No. 25.)  Therein, plaintiff-intervenor stated that it had decided to intervene in this action as to defendant Fresno Transport only and had declined to intervene in this action as to the other defendants (*id.*), who had already been dismissed (Doc. No. 29) from this action.  On June 9, 2023, the court ordered that the sealing order be lifted and that plaintiff-intervenor serve its complaint upon defendant Fresno Transport, together with the order, within sixty days, and that plaintiff-relator serve its complaint upon defendant Fresno Transport within thirty days.  (Doc. No. 30.)  On August 15, 2023, plaintiff-intervenor filed a complaint in intervention against defendant Fresno Transport and adding Randhawa—the owner of defendant Fresno Transport—as a defendant-in-intervention.  (Doc. No. 39 at 1.)

On September 6, 2023, plaintiff-relator filed a motion to serve defendant Fresno Transport by publication.  (Doc. No. 48.)  On September 15, 2023, plaintiff-intervenor filed its operative first amended complaint in intervention against defendants Fresno Transport and Randhawa. (Doc. No. 49.)  On October 2, 2023, plaintiff-intervenor filed its own request to serve defendants Fresno Transport and Randhawa by publication.  (Doc. No. 50.)  The following day, on October 3, 2023, plaintiff-intervenor filed a statement of non-opposition to plaintiff-relator's motion to serve defendant Fresno Transport by publication.  (Doc. No. 51.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Rule 4 also provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).

/////

2

California law permits service by publication. California Code of Civil Procedure § 415.50(a) provides, in relevant part:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

"Reasonable diligence" for purposes of § 415.50(a) means the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). When reasonable diligence is shown,

> [t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons.

Cal. Code. Civ. Proc. § 415.50(b). Upon publication of notice once a week for four consecutive weeks, service is deemed complete. Cal. Gov't Code § 6064. "Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient." *Id.*

**ANALYSIS**

Based on the affidavits filed in support of plaintiffs' respective requests, the court is satisfied that defendants cannot, with reasonable diligence, be served in any manner other than by publication.

Catherine Swann, an Assistant United States Attorney ("AUSA") assigned to work on this case on behalf of plaintiff-intervenor, submitted a declaration in support of plaintiff-intervenor's pending request. (Doc. No. 50-1.) In her declaration, AUSA Swann states that the California Secretary of State provides an online business search engine to find current, available information

/////

3

1  for California corporations and limited liability companies at

2  https://bizfileonline.sos.ca.gov/search/business, and a search performed on this site on September

3  28, 2023 revealed that defendant Fresno Transport is suspended.  (*Id.* at ¶ 2.)  AUSA Swann notes

4  that corporate filings, as well as the two PPP loan applications at issue in this case, identify two

5  addresses associated with defendants Fresno Transport and Randhawa:  (1) 299 Fairbanks

6  Avenue, Sanger, California, 93657, and (2) 1711 O Street, Suite 102, Sanger, California, 93657.

7  (*Id.* at ¶ 3.)  She also states that Eddings Attorney Service, the process servicer, attempted service

8  on defendants at 299 Fairbanks Avenue, Sanger, California, 93657 on two consecutive dates but

9  was informed by residents at this location that defendant Randhawa no longer resides at that

10  location.  (*Id.* at ¶ 4.)  AUSA Swann goes on to say that a private investigator ("PI") retained by

11  the United States was also unable to serve defendant Fresno Transport at either of the two known

12  addresses.  (*Id.* at ¶ 5.)  The PI attempted to identify working addresses for defendants Fresno

13  Transport and Randhawa by searching numerous proprietary and non-proprietary databases,

14  public information data providers, fictitious business name filings, California Secretary of State

15  records, social media sites, court records, jail records, real property records, and California motor

16  vehicle information.  (*Id.*)  Despite identifying additional addresses associated with defendants

17  and speaking with residents at those addresses, the PI was unable to effectuate service at those

18  locations.  (*Id.*)

19  According to the affidavit filed by plaintiff-relator in support of his pending request, he

20  hired a process server to serve a copy of the complaint and a summons on defendant Fresno

21  Transport at its business and mailing address, 1711 O Street, Suite 102, Sanger, California,

22  93657, and the process server reported that this address is vacant and the doors at this location are

23  locked.  (Doc. No. 48 at 4.)  Plaintiff-relator further notes that, according to information from

24  https://bizfileonline.sos.ca.gov/search/business, defendant Fresno Transport is a suspended entity

25  not in good standing with the California Secretary of State.  (*Id.* at 5.)  Additionally, plaintiff-

26  relator states that he is unaware of any other means to communicate with or serve defendant

27  Fresno Transport.  (*Id.*)

28  /////

1    Based on the above, the court determines that plaintiffs have acted with reasonable

2    diligence in attempting to serve defendants, and the court will grant plaintiffs' respective requests

3    to serve by publication. *See* Fed. R. Civ. P. 4(e)(1); Cal. Code Civ. P. § 415.50(a).

4    Plaintiff-intervenor requests that the summons be published in *The Fresno Bee* and the

5    *Mid Valley Times*. Specifically, in her declaration, AUSA Swann states:

> Research indicates the Mid Valley Times publishes weekly in
> Sanger, California. The Fresno Bee publishes six days per week in
> Fresno, California. Sanger is approximately sixteen miles from
> Fresno California. Given the proximity to Sanger, the United States
> intends to publish in both the Mid Valley Times and the Fresno Bee
> in the manner required by Cal. Gov. Code § 6064.

(Doc. No. 50-1 at ¶ 6.) Plaintiff-relator requests that the summons be published in *The Fresno Bee*. (Doc. No. 48-1 at 2.) The court finds that publication in the *Fresno Bee*, a newspaper of general circulation serving Fresno County, California, is the publication most likely to give actual notice to defendants.[1] *See* Cal. Code Civ. P. § 415.50(b).

In sum, because plaintiffs have satisfied the requirements for service by publication under California law, the court will grant their respective requests to serve defendants by publication.

## CONCLUSION

For the reasons explained above,

1.    Plaintiff-relator Bryan Quesenberry's motion to serve defendant Fresno Transport, Inc. by publication (Doc. No. 48) is granted, as follows:

a.    Plaintiff-relator shall publish the summons in *The Fresno Bee* once a week for four successive weeks, with at least five days intervening between the respective publication dates, not counting such publication dates;

b.    Plaintiff-relator shall have sixty days from the date of this order in which to effect service of defendant Fresno Transport, Inc. by publication, and he

---

[1]  The website of *The Fresno Bee* provides that "The Fresno Bee's circulation area covers approximately 18,000 square miles," and that "[f]or 15 consecutive years, The Bee ranked first in penetration of its Newspaper Designated Market among all California newspapers with more than 100,000 circulation." *About the Fresno Bee*, THE FRESNO BEE, https://www.fresnobee.com/customer-service/about-us/article19134945.html (updated Mar. 24, 2023).

5

1                          shall file a notice of completion of service within seventy days of the date

2                          of entry of this order; and

3           c.     If plaintiff-relator ascertains defendant Fresno Transport, Inc.'s address

4                  within the next sixty days, plaintiff-relator shall mail forthwith copies of

5                  the summons, complaint, and this order to defendant Fresno Transport, Inc.

6                  by ordinary mail;

7     2.     Plaintiff-intervenor United States of America's request to serve defendants Fresno

8           Transport, Inc. and Ramanjot Randhawa (Doc. No. 50) is granted, as follows:

9           a.     Plaintiff-intervenor shall publish the summonses in *The Fresno Bee* and

10                  *Mid Valley Times* once a week for four successive weeks, with at least five

11                  days intervening between the respective publication dates, not counting

12                  such publication dates;

13           b.     Plaintiff-intervenor shall have sixty days from the date of this order in

14                  which to effect service of defendants Fresno Transport, Inc. and Ramanjot

15                  Randhawa by publication, and it shall file a notice of completion of service

16                  within seventy days of the date of entry of this order; and

17           c.     If plaintiff-intervenor ascertains defendants Fresno Transport, Inc. or

18                  Ramanjot Randhawa's address within the next sixty days, plaintiff-

19                  intervenor shall mail forthwith copies of the summons, complaint, and this

20                  order to that defendant by ordinary mail.

21     IT IS SO ORDERED.

22 Dated:  __October 16, 2023__           

23                                                DALE A. DROZD

24                                               UNITED STATES DISTRICT JUDGE

25

26

27

28